UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CAUSE NO. 2:08mj632 |
| | § | |
| CLYDE D. MYERS | § | |

### FINDINGS OF FACT AND MEMORANDUM OPINION FINDING THE DEFENDANT GUILTY OF THE OFFENSE OF DRIVING UNDER THE INFLUENCE OF ALCOHOL

The defendant was charged by criminal information with the offense of driving a vehicle on the Corpus Christi Naval Air Station, land acquired for the use of the United States and under its jurisdiction, in a public place while intoxicated, that is, without the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body. A bench trial was held in this case on Friday, October 17, 2008.

According to the testimony of Master at Arms (MA) Rolle, on May 9, 2008, at approximately 10:00 p.m., defendant Chad Myers approached the sentry gate at the Corpus Christi Naval Air Station where he encountered sentry guard MA Rolle. About 200 yards before the sentry gate is a white line painted on the roadway and an orange jersey barricade warning drivers that they are about to enter a federal reservation. Although there are two lanes for traffic to enter the naval base, during the evening hours barricades are staggered in the two lanes, requiring a driver entering the naval base to

maneuver from one lane to another around the barricades. Defendant Myers drove his vehicle around the barricades and arrived at the sentry gate and stop sign with his vehicle pointed at a 45 degree angle and his lights pointed at the guard station. Myers began to back up, and MA Rolle had to yell at him to pull forward.

After greeting Myers, MA Rolle asked him where he was going and he stated he was going home. When Rolle asked him where on base he lived, Myers stated Austin. Upon further questioning Myers stated he was going to Austin, Texas. Myers seemed disoriented, his speech was slurred, and his eyes were glassy and bloodshot. Rolle asked for identification, and he saw Myers flip through his wallet, missing his driver's license three times. Rolle believed Myers was intoxicated and called his supervisor to report a possible DUI. Rolle asked Myers to place his keys on the dash board and step out of the vehicle. Myers had trouble with his balance as he stepped out of his vehicle, falling forward. At this point Rolle could smell an odor of alcoholic beverage coming from his person.

MA Rolle resumed his sentry duties while field sobriety tests were performed by another officer. Then MA Rolle, who was certified to run the Intoxylizer test, gave defendant Myers his implied consent warnings. Myers refused to give a breath sample.

Petty Officer West also testified. Though Petty Officer West observed the field sobriety tests, he did not administer the tests and was not permitted to testify on direct examination about whether defendant Myers was properly instructed in the performance of the tests. Petty Officer West observed that defendant Myers had an strong odor of

2

alcohol about him and he swayed to maintain his balance.  While not permitted to testify on direct examination to the hearsay instructions given to defendant regarding the physical sobriety tests, defense counsel elicited on cross examination Petty Officer West's opinion that he believed Myers understood the instructions for the field sobriety tests.  Petty Officer West also testified on cross examination that during the instructional phase of the walk and turn test, the defendant put his foot down to maintain his balance and came off the line.  He lost his balance for a period of time and stopped walking.  During the heel to toe walk, Myers missed twice, and did not execute the turn according to the instructions, that is he stepped off the line.  Also on cross examination, West testified that during the one leg stand, one is instructed to stand at attention, with arms down to the side, and raise one foot, point the toe and count.  Defendant Myers swayed for a few seconds and raised his arms during this test, using his arms for balance, and put his foot down once.  Myers admitted to Officer West that he had had a few drinks.

## Jurisdiction

At the close of the trial, undersigned inquired *sua sponte* about whether the government had properly proved up the jurisdictional element of the case.  The Assimilative Crimes Act, 18 U.S.C. § 13, provides in relevant part, the following:

> Whoever, within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title . . . not within the jurisdiction of any State . . . is guilty of any action or omission which . . . would be punishable if committed or omitted within the jurisdiction of the State . . . in which such place is situated, by the laws in force thereof at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

Section 7(3) provides that the term "special maritime and territorial jurisdiction of the United States," includes: . . .

> Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

Section 7's definition extends to military reservations. United States v. Colon-Padilla, 770 F.2d 1328, 1331 (5th Cir. 1985)(citing United States v. MacDonald, 456 U.S. 1, 102 S.Ct. 1497, 1500 n. 4, 71 L.Ed.2d 696 (1982)). "[C]rimes committed within the confines of federal military reservations [fall] within the special territorial jurisdiction of the United States." United States v. Bell, 993 F.2d 427, 429 (5th Cir. 1993).

The prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction. United States v. Benson, 495 F.2d 475, 481 (5th Cir. 1974). Jurisdiction must be proved by a preponderance of evidence. United States v. Reff, 479 F.3d 396, 400 (5th Cir. 2007). Following the decision in Apprendi v. New Jersey, 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Fifth Circuit has twice implied that evidence should show beyond a reasonable doubt that the federal court has jurisdiction but that standard has not been adopted. Id. See United States v. Perrien, 274 F.3d 936, 939 n. 1 (5th Cir. 2001) and United States v. Bailey, 169 Fed.Appx. 815, 821 (5th Cir. 2006)(not designated for publication). In both cases the court declined to resolve the issue because it found that the government's evidence on situs was sufficient to

support a guilty verdict even if the higher reasonable doubt standard applied.  <u>Bailey</u>, 169 Fed.Appx. at 821; <u>Perrien</u>, 274 F.3d at 939.

Here, MA Rolle testified that defendant Myers drove his vehicle at least 200 yards onto the Corpus Christi Naval Air Station, a federal reservation.  This testimony was uncontroverted.  Because the Fifth Circuit has held as a matter of law that crimes committed on military reservations fall within the special maritime and territorial jurisdiction of the United States,  <u>Bell</u>, 993 F.2d at 429, the government has proved beyond a reasonable doubt the jurisdictional element of the case.

## **Drunk Driving**

The primary issue in this case is whether the government proved beyond a reasonable doubt that defendant Myers drove without the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body.  When driving around the barricades at the sentry gate, the defendant's car ended up at a 45-degree angle in the lane facing toward the guard shack.  The defendant admitted drinking and had a strong odor of alcohol about him.  He was completely confused about where he was, believing he was driving home to Austin, Texas, when in fact he had just passed several signs warning him he was entering a federal installation.  The defendant could not locate his driver's license when asked to do so, and he stumbled when getting out of his car.  Moreover, Myers had difficulty keeping his balance and following instructions during the field sobriety tests.  Finally Myers refused the breath test, which can be, and is, used as evidence that Myers was intoxicated.  The government proved beyond a reasonable doubt

that Myers was driving without the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body.

The Clerk shall terminate all pending pretrial motions as moot.

ORDERED this 8th day of January, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE